UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROCHELLE DANIEL,

    Plaintiff,

v.        Case No.    14-11117

EQUABLE ASCENT FINANCIAL, LLC, and
VELOCITY PORTFOLIO GROUP,

    Defendants.
                                  /

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Pending before the court is a Motion to Dismiss, filed by Defendants Equable Ascent Financial, LLC ("EAF") and Velocity Portfolio Group ("VPG") filed on August 21, 2014 (Dkt. # 20).  Having reviewed the briefs, the court concludes a hearing is unnecessary.  *See* E.D. Mich. LR 7.1(f)(2).  The court will grant the motion.

**I. BACKGROUND**

The following facts are taken from Plaintiff's complaint, and are assumed to be true for the purposes of this motion.  On March 16, 2012, Plaintiff received a copy of her TransUnion credit report, and discovered that EAF had requested a copy of her credit report on November 23, 2011.  (Dkt. # 1, Pg. ID 2.)  When she contacted EAF to ascertain its reason for requesting her credit report, in-house counsel for EAF informed her that EAF was a debt buyer and had a permissible purpose for accessing her credit report, citing 15 U.S.C. § 1681b(a)(3)(E).  (*Id.*)  Several months later, Plaintiff called EAF and a representative asked her whether it was possible that Plaintiff had an account under someone else's name, given that EAF had no record of Plaintiff's name

or social security number in its system. (*Id.* at Pg. ID 3.) EAF requsted that Plaintiff send it an unredacted copy of her credit report, so that it could compare it with a debt portfolio it had investigated as a possible investor, but Plaintiff declined "this type of witch hunt." (*Id.*) Plaintiff further alleges that she had a similar experience with VPG, which was also unable to find Plaintiff's name or social security number in its system. (*Id.*) No further detail is provided.

## II.  STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint's allegations. Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" In order to survive a motion to dismiss, the complaint must allege "[f]actual allegations . . . enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, the court views the complaint in the light most favorable to the plaintiff and takes all well-pleaded factual allegations as true. *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009); *Carrier Corp. v. Outokumu Oyj*, 673 F.3d 430, 400 (6th Cir. 2012). However, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## III.  DISCUSSION

> Defendants rely on § 1681b(a)(1)(3)(E) which states, in relevant part:
>
> any consumer reporting agency may furnish a consumer report . . . [t]o a person which it has reason to believe . . . intends to use the information, as a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or prepayment risks associated with, an existing credit obligation.

Defendants argue that, as debt buyers, they accessed Plaintiff's credit information because they intended to use the information in connection with their valuation of the credit risks associated with a debt portfolio that contained one of Plaintiff's credit obligations. Plaintiff counters that "the desire to determine whether a consumer is a 'potential' investment for debt collection does not constitute a permissible purpose under subsection (E), which refers only to those transactions where there is a 'consumer relationship'" (Dkt. # 23, Pg ID 79.)  Plaintiff is wrong.  "[N]o part of the FCRA prevents third-parties from searching a person's credit report, even ones with no previous relationship to the person, provided that the inquiry is done for permissible purposes." *Perez v. Portfolio Recovery Associates, LLC*, No.12-1603, 2012 WL 5373448, at *2 (D.P.R. Oct. 30, 2012).  The plain language of § 1681b(a)(1)(3)(E) specifically contemplates access to credit report for *potential* investors, who (by definition) do not have a pre-existing relationship with the consumer.

Plaintiff concedes that Defendants are debt buyers (Dkt. # 23, Pg ID 79 n.2) and by doing so pins her case on an erroneous assumption that debt buyers may not obtain her credit report for the purpose of informing their decision as to whether to purchase her debt.  Because her claim fails as a matter of law, the motion to dismiss the first cause of action must be granted.

The intrusion upon seclusion claim fails for the same reason. To state a claim for intrusion upon seclusion, a plaintiff must assert "(1) the existence of a secret and private subject matter; (2) a right possessed by plaintiff to keep that subject matter private; and (3) the obtaining of information about that subject matter by defendant through some method objectionable to the reasonable man." *Tobin v. Michigan Civil Service Commission*, 416 Mich. 661, 672 (1982) (citation omitted). Because Defendants' acquisition of Plaintiff's credit report was permissible, Plaintiff possessed no right to keep the report private.

Plaintiff also requests leave to amend in the event the court determines her complaint fails to state a claim. Because her claims fail as a matter of law, amendment would be futile.

### IV.  CONCLUSION

IT IS ORDERED that Defendants' Motion to Dismiss (Dkt. # 20) is GRANTED.


　　　　　　　　　　　　　　　　　s/Robert H. Cleland
　　　　　　　　　　　　　　　　　ROBERT H. CLELAND
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Dated:  October 22, 2014


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 22, 2014, by electronic and/or ordinary mail.

　　　　　　　　　　　　　　　　　s/Lisa Wagner
　　　　　　　　　　　　　　　　　Case Manager and Deputy Clerk
　　　　　　　　　　　　　　　　　(313) 234-5522