# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

Deborah S. Hunt  
Clerk

100 EAST FIFTH STREET, ROOM 540  
POTTER STEWART U.S. COURTHOUSE  
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000  
www.ca6.uscourts.gov

Filed: September 16, 2015

Ms. Rochelle Daniel  
19750 Braile Street  
Detroit, MI 48219

Ms. Kimberly A. Jansen  
Hinshaw & Culbertson  
222 N. LaSalle Street  
Suite 300  
Chicago, IL 60601

Re: Case No. 14-2627, *Rochelle Daniel v. Equable Ascent Financial, LLC, et al*  
Originating Case No. : 2:14-cv-11117

Dear Ms. Daniel and Counsel:

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Jeanine R. Hance  
Case Manager  
Direct Dial No. 513-564-7037

cc: Mr. David J. Weaver

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 14-2627

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| ROCHELLE DANIEL, ) | **FILED** |
| ) | Sep 16, 2015 |
| Plaintiff-Appellant, ) | DEBORAH S. HUNT, Clerk |
| ) | |
| v. ) | ON APPEAL FROM THE UNITED |
| ) | STATES DISTRICT COURT FOR |
| EQUABLE ASCENT FINANCIAL, LLC; ) | THE EASTERN DISTRICT OF |
| VELOCITY PORTFOLIO GROUP, ) | MICHIGAN |
| ) | |
| Defendants-Appellees. ) | |

O R D E R

Before: MOORE, GIBBONS, and GRIFFIN, Circuit Judges.

Rochelle Daniel, a pro se Michigan litigant, appeals the district court's order granting the defendants' motion to dismiss her civil suit filed under the Fair Credit Reporting Act ("FCRA") and state law for failure to state a claim upon which relief could be granted. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a)(2)(C).

In 2012, Daniel discovered that the defendant companies, Equable Ascent Financial, LLC, and Velocity Portfolio Group, both debt purchasers, had requested a copy of her credit report without her consent. She filed a complaint against them for damages, asserting three claims under the FCRA and a state law claim for intrusion upon seclusion. The defendants moved to dismiss, and the district court granted the motion. The court ruled that Daniel had failed to state a claim upon which relief could be granted, *see* Fed. R. Civ. P. 12(b)(6), because, under the FCRA, 15 U.S.C. § 1681b(a)(3)(E), the companies had properly accessed Daniel's credit report in order to determine if her debt was a suitable investment, which also negated her

state law claim.  *Daniel v. Equable Ascent Fin., LLC*, No. 14-11117, 2014 WL 5420058, at *2 (E.D. Mich. Oct. 22, 2014).  Daniel appeals that decision.

We review de novo a "district court's dismissal [of a complaint] for failure to state a claim" upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  *Lawrence v. Welch*, 531 F.3d 364, 372 (6th Cir. 2008).  "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Daniel's first claim alleges that the defendant companies violated § 1681q when they obtained her credit report under false pretenses by falsely certifying that the report was being obtained for a permissible purpose.  But Daniels did not dispute the defendants' explanation that they obtained her credit report while investigating purchasing her debt.  This is an authorized purpose under § 1681b(a)(3)(E), which states that "any consumer reporting agency may furnish a consumer report . . . [t]o a person which it has reason to believe . . . intends to use the information, as a potential investor or servicer . . . in connection with a valuation of, or an assessment of the credit or prepayment risks associated with, an existing credit obligation."  Thus, her first claim was rightly dismissed under Rule 12(b)(6).

Daniel brought her second claim under § 1681b(f), which states that "[a] person shall not use or obtain a consumer report for any purpose unless . . . the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section."  15 U.S.C. § 1681b(f)(1).  This claim also fails, because the companies obtained Daniel's credit report for a permissible purpose under § 1681b(a)(3)(E).

Daniel's third and final FCRA claim invokes both §§ 1681q and 1681b(f), and states that their actions caused her mental anguish and humiliation.  But, as shown above, the companies did not violate either statutory section.

Daniel's last cause of action is a Michigan common law claim for intrusion upon seclusion, a right of privacy claim.  But because the companies obtained her credit report in accordance with federal law, Daniel cannot prove the elements of that claim.  *See Tobin v. Mich.*

No. 14-2627
- 3 -

*Civil Serv. Comm'n*, 331 N.W.2d 184, 189 (Mich. 1982) (requiring that the private information be obtained "through some method objectionable to the reasonable man").

    Accordingly, the district court's judgment is affirmed.

                                        ENTERED BY ORDER OF THE COURT

                                        Deborah S. Hunt, Clerk